E-FILED
Tuesday, 02 December, 2014 02:22:09 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

MARIO HEARRING, )
)
        **Plaintiff,** )
)
v. ) No.: 14-2183-JES-JEH
)
)
THOMAS BURRELL, VICTOR ESCOBAR, )
and MARY MILLER, )
)
        **Defendants.** )

## MERIT REVIEW OPINION

**JAMES E. SHADID, Chief U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Mario Hearring's claims.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

1

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Plaintiff is an inmate within the Illinois Department of Corrections who, at all relevant times, was housed at the Danville Correctional Center. Hearring has filed the instant suit under 42 U.S.C. § 1983 against Defendants Dr. Thomas Burrell, DDS; Dr. Victor Escobar, DDS; and Mary Miller alleging that they were deliberately indifferent to his serious medical needs. Specifically, Hearring alleges that Dr. Burrell and Dr. Escobar improperly performed oral surgery on him and that all Defendants delayed necessary medical or dental treatment for teeth. Hearring further alleges that this delay caused him pain, suffering, and a loss of teeth.

The deliberate indifference standard requires an inmate to clear a high threshold in order to maintain a claim for cruel and unusual punishment under the Eighth Amendment. *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of

mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(same).

"A medical condition is serious if it 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Lee*, 533 F.3d at 509 (quoting *Greeno,* 414 F.3d at 653). "With respect to the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)("We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.").

In other words,

> [d]eliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts. And although deliberate means more than negligent, it is something less than purposeful. The point between these two poles lies where the official knows of and disregards an excessive risk to inmate health or safety or where the official is both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he . . . draw the inference. A jury can infer deliberate indifference on the basis of a physician's treatment decision when the decision is so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment.

*Duckworth*, 532 F.3d at 679 (internal quotations and citations omitted). The Seventh Circuit has cautioned, however, that "[a] prisoner [] need not prove that the prison officials intended, hoped for, or desired the harm that transpired. Nor does a prisoner need to show that he was literally ignored. That the prisoner received some treatment does not foreclose his deliberate indifference claim if the treatment received was so blatantly inappropriate as to evidence intentional

3

mistreatment likely to seriously aggravate his condition." *Arnett*, 658 F.3d at 751 (internal citations and quotations omitted).

In the instant case, Hearring makes numerous allegations regarding the negligent manner in which Dr. Burrell and Dr. Escobar performed oral surgery on his teeth. As explained *supra*, negligence and medical malpractice do not constitute a constitutional violation. *Duckworth*, 532 F.3d at 679 (internal quotations and citations omitted); *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)(holding that, on summary judgment, the plaintiff must offer evidence to show that the doctor's treatment of him was so "blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition."). Therefore, Hearring cannot base his Eighth Amendment claim on any negligent acts taken by Defendants or any allegations of medical malpractice.

However, the United States Court of Appeals for the Seventh Circuit has held:

In cases where prison officials delayed rather than denied medical assistance to an inmate, courts have required the plaintiff to offer "verifying medical evidence" that the delay (rather than the inmate's underlying condition) caused some degree of harm. *See, e.g., Petty v. County of Franklin, Ohio*, 478 F.3d 341, 344 (6th Cir. 2007); *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005); *Surber v. Dixie County Jail*, 206 Fed. Appx. 931, 933 (11th Cir. 2006). That is, a plaintiff must offer medical evidence that tends to confirm or corroborate a claim that the delay was detrimental.

This Court adopted the verifying medical evidence requirement in *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996)(citing *Beverbach v. Sears*, 49 F.3d 1324, 1306 (8th Cir. 1995)). In *Langston*, the plaintiff claimed that a one-hour delay in medical treatment after he was raped by another inmate violated the Constitution. 100 F.3d at 1240. We affirmed summary judgment in favor of the defendants because the plaintiff did not produce any evidence that the one-hour delay had a detrimental effect; the rape had already occurred, and there was no evidence that it had caused any serious physical injury. *Id*. at 1241. We did not, however, articulate what qualified as verifying medical evidence.

*Williams v. Liefer*, 491 F.3d 710, 714-15 (7th Cir. 2007); *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010)("A significant delay in effective medical treatment also may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain.").

Hearring contends that he had to wait over a year to have Dr. Burrell look at one of his teeth that simply needed a filling. Due to this delay, the tooth became abscessed and could no longer be filled but had to be pulled. Hearring further contends that Dr. Escobar refused to provide proper follow-up treatment for his teeth after Dr. Escobar performed oral surgery on him and that this delay has worsened his teeth and caused him pain. Finally, Hearring alleges that Miller is responsible for scheduling oral examinations and care at Danville and that her failure to schedule him timely for an examination and treatment has led to him looing his teeth. The Court finds that these allegations are sufficient to state a claim for deliberate indifference against Defendants.

**IT IS, THEREFORE, ORDERED:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim against Defendants for deliberate indifference to his serious medical needs. This case proceeds solely on the claim identified in this paragraph. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff's motion for status [5] is DENIED as moot in light of this Order.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4. The Court will attempt service on Defendants by mailing him a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5. If Defendants no longer works at the address provided by Plaintiff, the entity for which Defendants worked while at that address shall provide to the Clerk said Defendants' current work address, or, if not known, said Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7. Once counsel has appeared for Defendants, Plaintiff need not send copies of his filings to Defendants or to Defendants' counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT is further ORDERED THAT the Clerk is directed to: 1) show Plaintiff's motion for status [5] denied as moot in light of this Order; 2) attempt service on Defendants pursuant to the standard procedures; and 3) set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of serviced and enter scheduling deadlines.**

**Lastly, it is ORDERED that, if a Defendant fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

Entered this __2nd__ day of December 2014.

_/s James E. Shadid_
JAMES E. SHADID
CHIEF UNITED STATES DISTRICT JUDGE